## BARRELL v. FITCHBURG DUCK MILLS.

(District Court, D. Massachusetts. August 7, 1913.)

No. 217 (C. C. 790).

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DRIER-FELTS FOR PAPER MACHINES.

> The Barrell patent No. 636,482 for a drier-felt for paper machines *held* not anticipated, valid, and infringed.

In Equity. Suit by William L. Barrell against the Fitchburg Duck Mills. On final hearing. Decree for complainant.

William Quinby, of Boston, Mass., for complainant.

Emery, Booth, Janney & Varney, of Boston, Mass., and H. P. Doolittle, of Washington, D. C., for defendant.

DODGE, Circuit Judge. The plaintiff is the patentee named in United States Patent 636,482, November 7, 1899, for an improvement in drier-felts for paper machines. His patent contains two claims. He charges the defendant with having infringed both.

The general nature of what are called "drier-felts" in paper making, and the use made of them in that art, are sufficiently well stated for the purposes of the case in lines 10–20, p. 1, of the patent, as follows:

> "In paper-machines it is usual to employ a drier-felt made as a strong closely woven textile fabric as an apron or carrier to support the damp new web of paper as it comes in a still soft condition from the wet woolen felt, the drier-felt holding the paper-web firmly and smoothly against the heated metal drier-cylinders, around and over which the web passes until dry and ready for the calender-rolls. Only one side of the drier-felt or apron comes in contact with the damp web of paper, through which the heat from the driers passes."

The first claim of the patent is for:

> "A drier-felt for paper-machines consisting of two superposed plies of double-face woven fabric having large face-warps, said plies being united by smaller binder-warps adjacent the under or inner sides of the face-warps and buried under the said face-warps of the plies, substantially as described."

The second claim differs only in having, instead of "double-face woven fabric," "close woven double-face fabric," and in having, after the words "adjacent the under or inner sides of the face-warps," "the binder-warps passing from one to the other ply and buried under the said face-warps; successive binder warps crossing each other as they pass from one to the other ply, substantially as described."

The advantages possessed by drier-felts made according to the patent over those not so made are shown to be, as the patentee has also set forth in his patent, as follows: The action of the dampness driven off from the paper-web, combined with the action of the heat which drives it off, upon the fabric of the drier-felt whereby the paper-web is held against the drier-cylinders is such as to rot the fabric and thus develop holes in it, loosening the warp threads of the fabric

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and leaving holes in its surface, jagged and irregular, and these holes will produce bunches or excrescences on the paper-web as it is pressed into them while in a moist and soft condition. If, however, two plies of woven fabric are used, connected by binder-warps smaller than the face-warps of the plies, and so buried by and between the face-warps that they will continue to hold the plies together though the face-warps be rotted and burned, the ply nearest the drier-roll will continue, after its fabric has thus become considerably rotted or burned, to perform its function in the machine without damage to the paper-web by holes produced as above, and its period of usefulness will thus be prolonged.

The defendant company manufactures drier-felts for paper machines consisting of two superposed plies, like those of the patent, and these plies are united by binder-warps adjacent the under or inner sides of the face-warps, smaller than the latter, and connecting the plies in the same manner as do the binder-warps of the patent. The defendant's binder-warps also cross each other as they pass from one ply to the other. They are so much smaller than the face-warps of the plies which they connect that I am unable to see why they may not fairly be described as "buried" by the latter, for all purposes described or contemplated in the patent. They are certainly protected by the face-warps against the action of the heat and moisture referred to until after the latter have yielded to that action, meanwhile holding the plies together so that the one may continue to serve as a protection for the other. The defendant says that in its drier-felt the binders are not "buried" or covered. I think it may be true that the binders in the defendant's drier-felts are not so much covered or concealed from view as in the plaintiff's when the drier-felts are off the machine and not in use, so that, in looking at specimens of the two side by side, more of the binder-warps are distinguishable by the eye in specimens of the defendant's product than in specimens of the plaintiff's product. I am unable, however, to see that it follows from this fact that when in use on the machine the defendant's binder-warps are not, for all practical purposes, as much "buried" as the plaintiff's for the purposes of the patent. So far as heat from the drier-roll or moisture from the paper-web are concerned, the binder-warps in both seem to me necessarily shielded from the rotting action due to those causes, to substantially the same extent, by the adjacent face-warps of the plies; and so shielded, not merely because the face-warps project beyond the plane of the binder-warps and thus hold the latter from contact with the drier-roll, but because the face-warps in both prevent the heat or moisture referred to from reaching the binder-warps by first receiving it themselves. If the patent be valid, I must hold that the defendant infringes it.

The defendant attacks the patent first on the ground of anticipation. It is not disputed that, regarded merely as a two-ply fabric woven in a particular manner, the plaintiff's fabric is not new. In the prior art are found inner soles, lamp-wicks, belts for personal wear, some adapted for carrying cartridges—webbing for machine belting, cordage, mule-harness, or other useful purposes—webbing for

various uses, sometimes elastic and sometimes nonelastic—belts for power transmission and carpets; all of them consisting of two superposed plies of double-face woven fabric, united by binder-warps smaller than the adjacent face-warps, and thus of a construction very similar to that which the patent describes. But I find no reason to suppose that by any of the prior fabrics, whether patented or not patented, the peculiar qualities required in a drier-felt as used in paper making were supplied, or that they, or any requirements like them, were in any way contemplated by the contrivers of those fabrics. None of them seem to me capable, as they exist or as they are described, of being so used as drier-felts as to produce the results attained by the plaintiff's patented drier-felts. The Cooke United States Patent, 22,528, January 4, 1859, is the patent most relied on by the defendant. This was for "a new or improved manufacture of webbing for machine belting, cordage, mule-harness, or other useful purposes." This was the only citation against the issue of the plaintiff's patent while it was pending in the Patent Office. In 1859 drier-felts were unknown in paper making. The plaintiff amended his claims to meet the citation by substituting "binder-warps buried under the adjacent face-warps" for "binder-warps protected by the face-warps," as described. The Cooke patent neither describes nor discloses any "burying" of the binder-warps, nor was anything of the kind necessary for the result set forth in the Cooke patent, according to which the purpose of the binder-warps was "to bind together the cloths made by the body-warps and form them with no straight or continuous parallel ridges." The defendant produced the Cooke original specimen deposited with the Patent Office, but, if its binder-warps are to be described as "buried" by its face-warps, this feature cannot be called an essential part of the Cooke invention or disclosure. I am unable to regard anticipation as proved by the Cooke patent or by anything in the evidence relating to the prior art.

The defendant further contends that the patent sued on is void for lack of invention and that it is, at best, for a mere "double use." I am unable to believe, however, that it can be properly said in this case that the patentee has taken any fabric of the prior art and merely put it into use as a drier-felt, without change in object, structure, function, or result. It seems to me that in the adaptation of the known method of weaving to the peculiar requirements of drier-felts, which the patentee has set forth in his specifications, there lay sufficient invention to sustain the patent. Forsyth v. Garlock, 142 Fed. 461, 73 C. C. A. 577. I cannot doubt, upon the evidence, that immediately upon their introduction the patented drier-felts proved themselves so superior to the drier-felts previously known and used that they have to a large extent displaced all others, notwithstanding their greater cost. Under the circumstances shown, I must regard the prima facie evidence of invention arising from the issue of the patent as sufficiently sustained.

There may be a decree for the plaintiff in accordance with the prayers of the bill.